MATTER OF RAMIREZ

In Visa Petition Proceedings

A–22139915

*Decided by Board May 25, 1977*

(1) Under Article 279 of the Civil Code of El Salvador, a child born out of wedlock may be acknowledged by the parents by the act of registration of the child's birth in the office of the Civil Registry.

(2) Under Article 217, if the child has been acknowledged, the subsequent marriage of the parents legitimates him by operation of law. However under Article 225(2), the legitimation is not retroactive from the date of the parents' marriage.

(3) Petitioner son was recognized by beneficiary father on February 8, 1938, one day after his birth. However his parents did not marry until April 13, 1959, when he was 21 years of age. Since the beneficiary did not marry the petitioner's mother until after petitioner's eighteenth birthday the petitioner never came within the definition of "child" in section 101(b)(1)(C) of the Immigration and Nationality Act, and therefore the beneficiary cannot receive immigration benefits as petitioner's "parent," and the petition to classify petitioner's father as an immediate relative under section 201(b) of the Act was properly denied.

ON BEHALF OF PETITIONER:    Michael M. Laufer, Esquire
307 East 89th Street
New York, New York 10028

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The United States citizen petitioner applied for immediate relative status for his father under section 201(b) of the Immigration and Nationality Act. In a decision dated February 2, 1977, the District Director denied the petition. The petitioner has appealed from that denial. The appeal will be dismissed.

In order to claim benefits for a parent under the immigration laws, the United States citizen petitioner must establish that he would have qualified as a "child" under the Act. Section 101(b)(2) of the Act. Since the petitioner's parents were not married at the time of his birth and he does not claim to have been adopted by the beneficiary, the petitioner must establish that he was legitimated before his eighteenth birthday. See section 101(b)(1)(C) of the Act.

The record contains a translation of the petitioner's birth certificate which shows that the beneficiary recognized the petitioner as his son on

February 8, 1938, the day after the petitioner was born. On appeal, the petitioner has also submitted a copy of a translation of his "parents'" marriage certificate which shows that they were married on April 13, 1959. The marriage certificate also contains a notation stating that at the time of their marriage the parties had seven children. The petitioner is listed as one of these children.

We have received a memorandum from the Library of Congress, dated May 9, 1977, containing a discussion of the provisions of the Civil Code of El Salvador relating to the legitimation of children born out of wedlock. See Appendix A.

Though two editions of the code, one published in 1926 and one published in 1959, were consulted, it appears that no significant changes in the governing procedures have been made between 1926 and the present time. Under Article 279 of the Civil Code of El Salvador (hereafter Civil Code), a child born out of wedlock may be acknowledged by his parents, and one of the ways such acknowledgments may be effected is by the act of registration of the child's birth in the office of the Civil Registry.

If a child has been acknowledged by both his parents, then their subsequent marriage legitimates him by operation of law. See Article 217 of the Civil Code. Legitimation also takes place if the child is acknowledged by his parents at the wedding ceremony and the recognition is annotated on the record of the marriage.

Although a child legitimated by his parents' subsequent marriage is considered as a legitimate child conceived in wedlock and has the same rights and benefits, the legitimation is not retroactive from the date of the parents' marriage. Article 225(2) of the Civil Code.

Although the petitioner's parents took the steps necessary for his legitimation, because the beneficiary did not marry the petitioner's mother until after the petitioner's eighteenth birthday, the petitioner never came within the definition of child in section 101(b)(1)(C) of the Act, and therefore the beneficiary cannot receive immigration benefits as the petitioner's "parent." We therefore must find that the District Director's decision denying the petition was correct.

ORDER: The appeal is dismissed.


## APPENDIX A
### LEGITIMATION OF CHILDREN
#### El Salvador

The letter of inquiry requests information concerning the legitimation of children under the law of El Salvador. The facts of the case may be summarized as follows: A child was born out of wedlock in El Salvador in

1938. His natural father registered his birth and recognized him as his son. The child's parents married approximately 21 years later. There is no indication as to whether the child's mother also recognized him as her natural son.

The subject of legitimation of children born out of wedlock is governed by the Civil Code of El Salvador. Given the time element in this request, two editions of this Code, published in 1926[1] and 1959,[2] were consulted, the currency of which was verified using our Index to Latin American Legislation.[3] According to our research, there have been no significant changes in the statutes governing the procedures for legitimation from 1926 to the present time.

Pertinent provisions applicable to the instant case state that a child born out of wedlock may be voluntarily acknowledged by his or her parents.[4] Acknowledgment may be effected, among other ways, in the act of registration of the child's birth in the office of the Civil Registry.[5]

If a child has been acknowledged by both parents, their subsequent marriage legitimates him or her *ipso jure*.[6] An *ipso jure* legitimation also takes place when the child is acknowledged by his or her parents in the wedding ceremony and this recognition is annotated in the record of marriage. Legitimation takes place regardless of the fact that the child may be dead.[7]

There are two exceptions to the above rules, however, children conceived in an adulterous relationship cannot be legitimated by the subsequent marriage of their parents.[8] This applies even in those cases where the married parent believed in good faith that she or he was no longer married at the time of conception.[9] The second exception concerns putative marriages, which cause legitimation of children born out of wedlock only in those cases where at least one of the spouses was in good faith at the moment of contracting marriage.[10]

The Civil Code also provides that, if the father has legally acknowledged the child or his paternity has been established by a court decision, and in either case the mother's name is established in the child's birth

---

[1] *Constitución y Códigos de la República de El Salvador* [Imprenta Elzeviriana y Librería Camí, S.A. Barcelona, Spain, 1926].

[2] *Código Civil de El Salvador* [C. Civ.] [Instituto de Cultura Hispánica, Madrid, Spain, 1959].

[3] *Index to Latin American Legislation* 1950–60 [Library of Congress, G.K. Hall & Co., Boston, 1961] and Supplements.

[4] C. Civ., art. 279.

[5] C. Civ., art. 280.

[6] C. Civ., art. 217.

[7] C. Civ., art. 218(1).

[8] C. Civ., art. 216(1).

[9] C. Civ., art. 216(2).

[10] C. Civ. art. 215.

record, there shall be no need for a formal acknowledgment of the child by the mother in order to be legitimated *ipso jure* by the subsequent marriage of the parents.[11]

If there has been no previous acknowledgment of the child, there is no *ipso jure* legitimation as a result of the parents' marriage, but the parents, at any time after their marriage, can legitimate the child by means of a public instrument.[12]

Children legitimated by their parents' subsequent marriage are considered as legitimate children conceived in wedlock and have the same rights.[13] However, the benefits of legitimation are not retroactive from the date of the parents' marriage.[14] Also, unless legitimated children are expressly excepted, the designation of legitimate children in laws, decrees, wills and contracts shall be understood to include legitimated children.[15]

Based on the above paraphrased provisions, we may conclude that in the instant case the child was a natural one until apparently legitimated *ipso jure* by the subsequent marriage of his parents, provided that: (a) he was not conceived in an adulterous relationship between his parents; (b) his parents were legally married or at least had contracted a putative marriage, with one of them in good faith; and (c) he was acknowledged not only by his father but also by his mother, or at least her name was included in the birth record signed by his father.

---

[11] C. Civ., art. 218(2).

[12] C. Civ., art. 219.

[13] C. Civ., arts. 214 and 225(1).

[14] C. Civ., art. 225(2).

[15] C. Civ., art. 226.